# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

## Appeal No. 23-1779

---

**UNITED STATES,**
*Appellee*

v.

**VLADISLAV KLYUSHIN,**
*Defendant - Appellant*

---

### APPELLANT VLADISLAV KLYUSHIN'S MOTION FOR LEAVE TO FILE OVERSIZED BRIEF AND EXCUSE COMPLIANCE WITH L.R. 32.4 TIME REQUIREMENT OR TO ALTERNATIVELY EXTEND THE DEADLINE TO FILE BRIEF BY NECESSARY 10-DAY PERIOD

Now comes the appellant Vladislav Klyushin and respectfully moves that this Honorable Court permit him to file an oversized opening brief that is 19,957 words in length and to excuse compliance with Local Rule 32.4's time requirements, or, to alternatively extend the deadline to file the opening brief by the required 10 days. A copy of the appellant's brief is attached hereto.

As reason therefor, appellant states:

1. This appeal will present the Court with several complex and novel questions that are factually intensive:

   a) Did the district court impermissibly invade the jury's province in admitting unhelpful, untested, and unnecessary statistical opinion –

1

coming from a partisan government economist and smacking of junk science – that purported to assert one-in-a-trillion and nine-in-a-million probabilities the stock trading patterns at issue were random, effectively directing a finding that they must have been illicit?

b) Did the trial court prejudicially err in refusing to instruct the jury that defendant had to knowingly and intentionally cause a conspiratorial act to occur in the District of Massachusetts or reasonably foresee one occurring there?

c) Was venue improper, unconstitutional and in tension with the government's own manual for prosecuting computer crime where the only connection to the district of prosecution was the chance passage of information packets through third-party VPN servers that happened to be located there? And did the district court wrongly allow testimony from a surprise witness linking the third-party servers to the district?

d) Did the trial court improperly and unconstitutionally instruct the jury it could find venue for the conspiracy count pursuant to 18 U.S.C. § 3238 – nicknamed the "high seas" venue statute and titled "Offenses not committed in any district," because the charged offenses had begun abroad in Russia and the government had first chosen to bring Klyushin to Boston following his extradition from Switzerland –

where the statute was inapplicable, violated Art. III, § 2, cl. 3, and prejudicially varied the indictment because the charged conspiracy offense was indisputably committed in at least the districts where the corporate victims' computers were located and hacked and their stolen confidential information was traded upon – though not in the District of Massachusetts, where the government arbitrarily chose to prosecute the case?

e) Did the district court reversibly err in its stock fraud venue instructions by charging the jury under the general default statute for continuing offenses, 18 U.S.C. § 3237, instead of the specific statutory venue provision for stock fraud crimes?

f) Did the district court err in sustaining a new and novel species of stock fraud liability – unprecedented in the Supreme Court or this one – contending that misrepresenting identity online provides all the deception necessary to violate federal securities law – which would make every larceny by false pretenses that somehow touches securities a federal stock fraud offense – and instructing the jury in kind?

2. The foregoing issues are too legally and factually complex to be adequately presented to the Court within the 13,000-word limit applicable to briefs. The current draft brief has been the subject of multiple revisions aimed at

streamlining the issues as much as possible and has already been substantially reduced from its earlier approximately 25,000-word form. The undersigned believes that further shortening the brief will adversely impact counsel's ability to fully and adequately present to the Court the legal and factual analysis essential to the determination of the important issues presented in this appeal.

3.  The appellant accordingly requests that he be permitted to file a brief which is 19,971 words in length and to excuse compliance with Local Rule 32.4's time requirements, or, to alternatively extend the deadline to file the opening brief by the required 10 days.

Respectfully Submitted,
VLADISLAV KLYUSHIN,
By His Attorney,

**/s/ Maksim Nemtsev**
Maksim Nemtsev, Esq.
Court of Appeals Bar No. 1178428
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
max@mnpc.law

Date: March 7, 2024

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

**/s/ Maksim Nemtsev**
Maksim Nemtsev, Esq.